# Exhibit A



**NJH / ALL**
**Transmittal Number: 16798003**
**Date Processed: 06/22/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Kevin Jones<br>Joshua Schonauer<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | AMCO Insurance Company<br>Entity ID Number 0115190 |
| **Entity Served:** | AMCO Insurance Company, a Nationwide Company |
| **Title of Action:** | Eagle & Wheeler, LLC vs. Amco Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Denton County District Court, Texas |
| **Case/Reference No:** | 17-4916-393 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 06/22/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ayers & Ayers<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscglobal.com

DELIVERED 6/22/17 By: Austin Process, LLC

# CITATION –TRC 99 and 106

THE STATE OF TEXAS COUNTY OF DENTON

**CAUSE NO. 17-4916-393**

**TO: AMCO Insurance Company, a Nationwide Company by serving its Attorney for Service, Corporate Service Company, 211 E 7th St., Suite 620, Austin TX 78701; (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 393rd Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 17-4916-393 |
| Date of Filing: | June 14, 2017 |
| Document: | Plaintiff's Original Petition, Jury Demand and Request for Disclosure; Plaintiff's First Set of Interrogatories to Defendant AMCO Insurance Company; Plaintiff's First Request for Production to Defendant AMCO Insurance Company |
| Parties in Suit: | Eagle & Wheeler, LLC; AMCO Insurance Company, a Nationwide company |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Jonathan P. Ayers<br>4205 Gateway Dr., Suite 100, Colleyville TX 76034 |

Issued under my hand and seal of this said court on this the 15th day of June, 2017.

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

BY: Jennifer Stout, Deputy
Jennifer Stout

## Service Return

Came to hand on the _______ day of _______________, 20___, at ______m., and executed on the ______ day of __________________, 20___, at ______ M by delivering to the within named ______________________________ in person a true copy of this citation, with attached copy(ies) of the Plaintiff's Original petition, Jury Demand and Request for Disclosure; Plaintiff's First Set of Interrogatories to Defendant AMCO Insurance Company; Plaintiff's First Request for Production to Defendant AMCO Insurance Company, at ______________________________.

Service Fee: $ ____________ __________________________ Sheriff/Constable

__________________________ County, Texas

__________________________

Service ID No. ______________ Deputy/Authorized Person

## VERIFICATION

On this day personally appeared ______________________________ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _______ day of ______________________, 20__

____________________Notary Public

FILED: 6/14/2017 2:43:48 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Heather Goheen, Deputy

CAUSE NO. 17-4916-393

| | | |
|---|---|---|
| EAGLE & WHEELER, LLC | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | ____ JUDICIAL DISTRICT |
| | § | |
| AMCO INSURANCE COMPANY, A NATIONWIDE COMPANY, | § | |
| | § | |
| | § | |
| DEFENDANT. | § | DENTON COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Eagle & Wheeler, LLC, ("Eagle & Wheeler"), and files this, its Original Petition against AMCO Insurance Company, a Nationwide company ("AMCO" or "Defendant"), and for same, would show unto the Court as follows:

## I. DISCOVERY

1. Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

## II. PARTIES

2. Plaintiff Eagle & Wheeler, LLC is a domestic limited liability company with its principal place of business at 1121 Dallas Drive, Suite 5, Denton, Texas 76205.

3. Defendant AMCO Insurance Company, a Nationwide company is a foreign corporation with its principal place of business at 1100 Locust Street, Des Moines, Iowa 50391. Defendant AMCO may be served with process by service upon its Attorney for Service, Corporate Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III. JURISDICTION AND VENUE

4. Venue is proper in Denton County, Texas, pursuant to Section 15.032 of the Texas Civil Practice and Remedies Code, because all or a substantial part of the events or omissions giving rise to the claim occurred in Denton County, Texas. The damages sought are within the jurisdictional limits of this Court.

5. The Court has jurisdiction over Defendant because Defendant is an insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

## IV. FACTS

6. Plaintiff Eagle & Wheeler is, and at all times mentioned and material to this action was, the owner in fee of certain real property commonly known as 733 Fort Worth Drive, Denton, Texas ("Eagle & Wheeler's Property").

7. Plaintiff would respectfully show it obtained a policy of insurance with AMCO. The insurance policy is Policy No. ACP BPS 7225807197 (the "Policy"). The Policy between Eagle & Wheeler and AMCO provided coverage for potential wind, hail or storm damage.

8. A wind/hail/storm incident occurred on May 10, 2015, which damaged the roof of Eagle & Wheeler's Property. Plaintiff's property sustained damages as a result of this hail storm. After the hail incident Eagle & Wheeler obtained the services of a roofing contractor to get an estimate as to the extent of the damage and cost of repair. The roofing contractor performed an inspection of the premises and determined a hail incident had occurred and there was serious damage to the roof of Eagle & Wheeler's

Property. Subsequently, Eagle & Wheeler reported the wind/hail/storm damage and resulting water damage to AMCO. Plaintiff asked that AMCO cover the cost of repairs to Eagle & Wheeler's Property pursuant to the Policy.

9. An inspection of Eagle & Wheeler's Property and its roof was performed by agents of AMCO. At that time, it was understood by Plaintiff that AMCO determined indications of wind/hail/storm damage to the roof existed.

10. Eagle & Wheeler obtained the services of a public adjuster, Sonnier & Fisher Adjusters, LLC ("Sonnier & Fisher"). Representatives of Sonnier & Fisher communicated concerning the claim with adjusters, agents, and supervisors for AMCO. It was represented the claim would be properly adjusted. However, AMCO denied Eagle & Wheeler's claim. Various other alleged experts examined the building and various theories were put forth regarding the extent and cause of the loss. It was even theorized by AMCO that a storm had not occurred on the date in question, despite damage to this building as well as surrounding buildings and structures throughout Denton on the day in question. AMCO also sought to avoid payment by claiming the damage resulted from poor installation and wear and tear. AMCO fabricated a result-oriented investigation in an effort to avoid full payment of this claim as required by its policy. As a result, Plaintiff had to hire its own consultants who refuted AMCO's theories point by point. Despite being advised of the true facts AMCO continues to deny the claim in full. AMCO sent a denial letter dated June 16, 2016.

11. As detailed in the above paragraphs, AMCO and its agents and adjusters did not properly pay Plaintiff's claim and did not provide full coverage for the damages sustained by the Plaintiff. Additionally, AMCO continues to delay the payment of the

damages to Eagle & Wheeler's Property. As such, Plaintiff has not been paid for its damages to its property.

12. Defendant AMCO and its agents and adjusters failed to perform their contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, they refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. AMCO and its agents and adjusters' conduct constitutes a breach of the insurance contract between AMCO and Plaintiff.

13. Defendant AMCO and its agents and adjusters misrepresented to Plaintiff that the damage to Eagle & Wheeler's Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant AMCO and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant AMCO and its agents and adjusters failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant AMCO and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant, AMCO and its agents and adjusters failed to explain to Plaintiff the reasons for their denial of Plaintiff's claim. Specifically, Defendant, AMCO and its agents and adjusters failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant, AMCO and

its agents and adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant AMCO and its agents and adjusters' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code §541.060(a)(3).

16. Defendant, AMCO and its agents and adjusters failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant, AMCO. Defendant AMCO and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

17. Defendant AMCO and its agents and adjusters refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant AMCO failed to conduct a reasonable investigation. Specifically, Defendant, AMCO and its agents and adjusters performed an outcome-orientated investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of plaintiff's losses on the property. Defendant, AMCO and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

18. Defendant AMCO and its agents and adjusters failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time

of receiving notice of Plaintiff's claim. AMCO and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

19. Defendant AMCO and its agents and adjusters failed to accept or deny Plaintiff's full and entire claim within statutorily mandated time of receiving all necessary information. AMCO and its agents and adjusters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

20. Defendant AMCO and its agents and adjusters failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date. AMCO and its agents and adjusters' conduct constitutes a Violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

21. From and after the time Plaintiff's claim was presented to Defendant AMCO and its agents and adjusters, the liability of AMCO to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, AMCO and its agents and adjusters have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. AMCO and its agents and adjusters' conduct constitutes a breach of the common law of good faith and fair dealing.

22. Defendant AMCO and its agents and adjusters knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

23. As a result of Defendant AMCO and its agents and adjusters' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

24. As a result of the foregoing conduct, Plaintiff would respectfully show as follows:

## V. CAUSES OF ACTION
## CAUSES OF ACTION AGAINST AMCO

25. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-24 of this Original Petition as if fully set forth herein.

26. Defendant AMCO and its agents and adjusters, acting in the course and scope of their employment with AMCO, are liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing and the Texas Deceptive Trade Practices Act.

### A. BREACH OF CONTRACT

27. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-26 of this Original Petition as if fully set forth herein.

28. Defendant AMCO has committed acts which constitute a breach of the insurance contract made between AMCO and Plaintiff.

29. Defendant AMCO's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant AMCO's insurance contract with Plaintiff.

**B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES**

30. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-29 of this Original Petition as if fully set forth herein.

31. Defendant AMCO and its agents and adjusters, acting in the course and scope of their employment with AMCO, constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code §541.060(A). All violation under this article are made actionable by Tex. Ins. Code §541.151.

32. Defendant AMCO and its agents and adjusters' unfair settlement practice, acting in the course and scope of their employment with AMCO, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(1).

33. Defendant AMCO and its agents and adjusters' unfair settlement practice, acting in the course and scope of their employment with AMCO, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant AMCO's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(2)(A).

34. Defendant AMCO and its agents and adjusters' unfair settlement practice, acting in the course and scope of their employment with AMCO, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise

settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(3).

35. Defendant AMCO and its agents and adjusters' unfair settlement practice, acting in the course and scope of their employment with AMCO, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(4).

36. Defendant AMCO and its agents and adjusters' unfair settlement practice, acting in the course and scope of their employment with AMCO, as described above, of refusing to pay Plaintiffs claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(7).

### C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

37. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-36 of this Original Petition as if fully set forth herein.

38. Defendant AMCO and its agents and adjusters, acting in the course and scope of their employment with AMCO, constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article ere made actionable by Tex. Ins. Code §542.060.

39. Defendant AMCO and its agents and adjusters' failure to acknowledge receipt of Plaintiffs claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be

required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the Tex. Ins. Code §542.055.

40. Defendant AMCO and its agents and adjusters' failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

41. Defendant AMCO and its agents and adjusters' delay of the payment of Plaintiffs claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

**D. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

42. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-41 of this Original Petition as if fully set forth herein.

43. Defendant AMCO and its agents and adjusters, acting in the course and scope of his employment with AMCO, constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

44. Defendant AMCO and its agents and adjusters' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Defendant AMCO and its agents and adjusters knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**E. VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES/CONSUMER PROTECTION ACT**

45. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-44 of this Original Petition as if fully set forth herein.

46. Based on the facts previously set forth, Defendant has committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act, ("DTPA"). The DTPA, Sections 17.46, *et seq.* of the Texas Business and Commerce Code, provides additional protection to consumers who are victim of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation and attorneys' fees. Defendant's conduct in engaging in such acts or practices results in actual and consequential damages to Plaintiff, and supports an award for treble damages.

47. Plaintiff would respectfully show it is entitled to actual damages resulting from these violations of the law. These damages include the sums the Defendant has wrongfully refused to pay and any consequential damages to Plaintiff's economic welfare in the future, including any exacerbation of economic condition occasioned by the delay in payment of these claims. Plaintiff is also entitled to recovery of treble damages for "knowing" violations.

48. In addition, Plaintiff is entitled to recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

**F. KNOWLEDGE**

49. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-48 of this Original Petition as if fully set forth herein.

50. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and Texas Deceptive

Trade Practices Act and were a producing cause of Plaintiff's damages described herein.

## VI. DAMAGES

51. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-50 of this Original Petition as if fully set forth herein.

52. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

53. As previously mentioned, the damages caused by this hail storm rendered Eagle & Wheeler's Property significantly damaged. These damages have not been properly addressed or repaired in the months since the storm causing further damages to Eagle & Wheeler's Property and causing undue hardship and burden to the Plaintiff. These damages are a direct result of Defendant AMCO and its agents and adjusters' mishandling of Plaintiff's claim in violation of the law set forth above.

54. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of its claim together with attorney's fees. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

55. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff request for three times its actual damages. Tex. Ins. Code §541.152. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

56. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorneys' fees. Tex. Ins. Code §542.060. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

57. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurance breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

58. Additionally, for breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from AMCO's conduct in hindering the reconstruction of Eagle & Wheeler's Property. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

59. For breach of the Texas Deceptive Trade Practices Act. Plaintiff is entitled to recover from Defendant actual damages, statutory damages, exemplary damages along with attorneys' fees. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## VII. ATTORNEYS' FEES

60. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-59 of this Original Petition as if fully set forth herein.

61. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII. REQUEST FOR DISCLOSURE

62. Pursuant to Texas Rules of Civil Procedure 194, Defendant is hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l).

## IX. JURY DEMAND

63. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Denton County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendant be cited to answer and appear and after final trial, Plaintiff has judgment against the Defendant in an amount in excess of the minimal jurisdiction limits of the Court to reimburse it the cost of repairs of the Eagle & Wheeler's Property, diminution in value of the Eagle & Wheeler's Property, lost profits, loss of use, and other consequential damages, punitive or exemplary damages, plus pre-judgment and post-judgment interest at the legal rate until paid, attorneys' fees and costs, costs of Court, and for all other relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**AYERS & AYERS**

By: */s/ Jonathan P. Ayers*

JONATHAN P. AYERS
State Bar No. 01465900
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
jayers@ayersfirm.com
(817) 267-9009
(817) 318-0663 (FAX)

**ATTORNEYS FOR PLAINTIFF**

FILED: 6/14/2017 2:43:48 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Heather Goheen, Deputy

CAUSE NO. 17-4916-393

| | | |
|---|---|---|
| EAGLE & WHEELER, LLC | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | ____ JUDICIAL DISTRICT |
| | § | |
| AMCO INSURANCE COMPANY, A NATIONWIDE COMPANY, | § | |
| | § | |
| | § | |
| DEFENDANTS. | § | DENTON COUNTY, TEXAS |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT AMCO INSURANCE COMPANY**

TO: Defendant AMCO Insurance Company, a Nationwide company, who may be served with this discovery request, together with process by service upon its Attorney for Service, Corporate Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff's First Request for Production to Defendant AMCO Insurance Company is hereby served on you in due time, manner and form. Said discovery is to be answered in accordance with the procedures and requirements set forth in the Texas Rules of Civil Procedure.

**INSTRUCTIONS**

1. The responding party's response to this request for discovery is due, in writing, within sixty (60) days after service hereof and should be delivered to the undersigned attorney, at 4205 Gateway Drive, Suite 100, Colleyville, Texas 76034, in an appropriate manner as provided for under the Texas Rules of Civil Procedure and within the time stated above.

2. Answer each request for production of documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number. Said documents should be produced at the offices of the undersigned attorney, at 4205 Gateway Drive, Suite 100, Colleyville, Texas 76034.

3. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

## DEFINITIONS

For the purposes of responding to this discovery request, the following words and phrases shall have the following meanings, unless the context requires otherwise.

"Plaintiff" or "Eagle & Wheeler" refers to the party propounding this discovery, EAGLE & WHEELER, LLC.

"You," "your," "Defendant," "Carrier," or "AMCO" refers to the parties to whom this discovery request is propounded, AMCO INSURANCE COMPANY.

The "claim" refers to the claim for personal property repair/replacement which has been described in Plaintiff's latest petition herein on file.

The "Policy" means the insurance Policy Number ACP BPS 7225807197 which was issued by or on behalf of the Carrier which was in place and effect for Plaintiff on

the date of the Claim, and includes all declaration pages, information pages, renewals, addendums and any other amendatory or defining documents which have been made a party of and/or which otherwise complete said policy.

"Document" means all written, typed, or printed matters, and all magnetic, electronic, digital or other, recordings or documentation of any kind or description (including, without limitation: letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape records, computer printouts, and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and a" compilations of data from which information can be obtained, and any and all writing or records of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

"Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

"File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held

or stored in folders, notebooks, or other devices for separating or organizing documents.

"Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

"Relating to" and "relates to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

"Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

"Identify" or "describe," when referring to a document, means you must state the following:

a. The nature (e.g., letter, handwritten note) of the document.
b. The title or heading that appears on the document.
c. The date of the document and the date of each addendum, supplement, or other addition or change.
d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
e. The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Defendant's file for Eagle & Wheeler's claim for hail damage beginning with the initial claim until the date of filing of this lawsuit.

RESPONSE:

2. Any documents, reports, or memoranda relied upon in making the decision to deny any portion of Eagle & Wheeler's claim for hail damage as of the date of denial.

RESPONSE:

3. Any documents, reports or memoranda reviewed in evaluating Eagle & Wheeler's claim for hail damage from the date of the claim until the date of filing of this lawsuit.

RESPONSE:

4. A certified copy of the insurance policy affording Eagle & Wheeler coverage for its hail damage claim.

RESPONSE:

5. Copies of all petitions and complaints filed in any lawsuits in the past five (5) years to which AMCO was a party in any capacity relating to disputes involving

allegations of "bad faith," deceptive trade practices, unconscionable actions, unfair practices in the business of insurance, violations of the Texas Insurance Code, breach of duty of good faith and fair dealing, any violation of any statute, rule, or regulation regarding the business of insurance, or any similar claim.

RESPONSE:

6. Any summary(ies) maintained by AMCO, or on its behalf that calculate, evaluate or report the number of claims, the number of claims accepted without contest, the number of claims accepted after contest and/or the number of disputed claims paid after order of a court or regulatory agency.

RESPONSE:

7. The written procedures or policies (including document(s) maintained in electronic form) presented to you and maintained for AMCO's employees, agents, or adjusters to use from the time of denial to the present in the review and handling of claims for property insurance benefits.

RESPONSE:

8. Documents, photographs, statements, sketches, or plans generated during the course of the investigation of the Eagle & Wheeler's claim for hail damage through the date of filing of this lawsuit. This request specifically includes all videotapes, photographs and records of Plaintiff or Plaintiff's property regardless of whether you intend to offer these items into evidence at trial.

RESPONSE:

9. Any report maintained by you of the total and average claim cost; median claim cost; number of claims; and number of denials in Texas by AMCO for 2012 through 2016.

RESPONSE:

10. All investigation reports and related documents prepared by you, at your direction, or on your behalf, prior to the filing of this lawsuit which related to or concerning Eagle & Wheeler's claim for hail damage.

RESPONSE:

11. All charts, tables, document summaries, blow-ups, models, scale reproductions, multi-dimensional physical representations and/or any other visual aids prepared by you or on your behalf for use in this lawsuit before the jury either at trial or at deposition.

RESPONSE:

12. All documents identified in your answers to the interrogatories propounded by Plaintiff unless provided as attachments to your interrogatory answers.

RESPONSE:

13. All photographs, videos or other film or digital media of Plaintiff's property.

RESPONSE:

14. All photographs, videos or other film or digital media of the area surrounding the property made the basis of this lawsuit.

RESPONSE:

15. All other photographs, videos or other film or digital media concerning or depicting any other person, item or matter related to the subject matter of this lawsuit.

RESPONSE:

16. All written or recorded statements of Plaintiff or its employee, agents or representatives taken in connection with Plaintiff's claim for hail damage.

RESPONSE:

17. All written reports of inspection, tests, writing, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness, (if the discoverable factual materials have not been received

or reduced to a tangible form, request is hereby made that you advise Plaintiff accordingly and reduce such material to a tangible form).

RESPONSE:

18. A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

RESPONSE:

19. Any and all documents or other tangible items obtained by you or on your behalf in this cause by way of business records affidavit or deposition on written questions together with copies of any and all such affidavits and/or written depositions.

RESPONSE:

20. Any investigation report or document in your possession or control or to which you have access created by any independent adjuster or investigator concerning Eagle & Wheeler's claim for hail damage.

RESPONSE:

21. All claims-handling manuals, inserts and supplements which have been provided by you to your agents, employees or representative during the last five years regarding how Texas property damage claims are to be adjusted, denied, investigated, reported, serviced or otherwise handled.

RESPONSE:

22. Any index of claims-handling bulletins, memos, or other documents which have been provided by you to your agents, employees or representatives during the last five years regarding how Texas property damage claims are to be adjusted, denied, investigated, reported, services or otherwise handled.

RESPONSE:

23. All brochures, summary descriptions, memorandums and/or other such documents describing continuing education seminars, offered or sponsored by you (i.e., in-house seminars); regarding insurance bad faith, avoiding claims handling practices claims and/or regarding how Texas property damage claims are to be adjusted, denied,

investigated, reported, serviced or otherwise handled that you have offered to your agents, employees or representatives during the last five years.

RESPONSE:

24. All brochures, summary descriptions, memorandums and/or other such documents describing continuing education seminars, offered or sponsored by someone other than you, regarding insurance bad faith, avoiding claims handling practices claims and/or regarding how Texas property damage claims are to be adjusted, denied, investigated, reported, serviced or otherwise handled that you have offered to your agents, employees or representatives during the last five years.

RESPONSE:

25. Any record showing the training courses or courses of instruction given by you to any of your direct employees that participated in the investigation and/or handling of Eagle & Wheeler's claim for hail damage.

RESPONSE:

26. The personnel files of all persons directly employed by you who participated in any way in the handling and/or denial of any aspect of Eagle & Wheeler's claim for hail damage.

RESPONSE:

27. Any accident, coverage or investigation letter, memo, report or other such document concerning Eagle & Wheeler's claim for hail damage, which was created, circulated, generated, sent, reviewed and/or received by you before the date this suit was filed.

RESPONSE:

28. Any complaints which have been filed by or with any other state or federal agency concerning you or any of your agents, adjusters, employees or other legal representatives during the past five (5) years complaining that you or any of them violated any state or federal law, owe rule and/or the duty of good faith and fair dealing, or otherwise committed or engaged in any deceptive, fraudulent, misleading, or unfair claims handling or insurance business practices involving a Texas property damage claim.

RESPONSE:

29. Complete, true and accurate profit and loss statements or other verifiable accounting documents which show your net worth for the year in which Eagle & Wheeler's claim for hail damage is alleged to have occurred and for each full year since that date.

RESPONSE:

30. All diaries, file activity sheets, claim notes, or other such documents created, kept or maintained by you and/or your agents, employees or representatives regarding Eagle & Wheeler's claim for hail damage through the date this suit was filed.

RESPONSE:

31. Any and all servicing and/or claims handling instructions which were in effect at any time since January 1, 2010, between you and any other party involved with the handling or adjuster of Eagle & Wheeler's claim for hail damage.

RESPONSE:

32. All notices or complaints filed with the Texas Department of Insurance (TDI) regarding you and/or your agents, employees or representatives received by them or you in the last five years from TDI pursuant to Sec. 521.055 of the Texas Insurance Code.

RESPONSE:

33. The "complete record of all complaints which you have received during the preceding three years" which you are required to maintain under the Texas Administrative Code.

RESPONSE:

34. Documents reflecting amount billed and payment of attorney's fees by you in connection with the handling of this cause.

RESPONSE:

35. Any and all diary entries, estimates, evaluations, reviews, notices, updates, reports, worksheets or other such documents which concern, describe or otherwise refer to any reserve amounts that were set in or assigned to the Eagle & Wheeler's claim for hail damage at any time prior to the date of filing of this lawsuit.

RESPONSE:

36. Any and all lists, memorandums, claims directive, bulletins, notices, practice guidelines or other such documents that were provided to you which identify professional engineers that are available to their adjusters, employees, or vendors for purposes of requesting engineering reports.

RESPONSE:

37. Any and all "best practices' guidelines or other such documents that you provide or that were provided to you advising you of the "preferred" or "best" practices of procedures to use when adjusting or handling property damage claims.

RESPONSE:

38. Your underwriting file pertaining to Eagle & Wheeler.

RESPONSE:

39. Any weather information that would indicate the instances of hail at the location of Eagle & Wheeler's Property.

RESPONSE:

40. Any documents reflecting the number of times you have hired any expert that was used in this matter.

RESPONSE:

Respectfully submitted,

AYERS & AYERS

By: */s/ Jonathan P. Ayers*

Jonathan P. Ayers
State Bar No. 01465900
jayers@ayersfirm.com
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
(817) 267-9009 – Phone
(817) 318-0663 – Facsimile

**COUNSEL FOR PLAINTIFF**

FILED: 6/14/2017 2:43:48 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Heather Goheen, Deputy

17-4916-393
CAUSE NO. _________

| | | |
|---|---|---|
| EAGLE & WHEELER, LLC | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| AMCO INSURANCE COMPANY, A NATIONWIDE COMPANY, | § | |
| | § | |
| | § | |
| DEFENDANTS. | § | DENTON COUNTY, TEXAS |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT AMCO INSURANCE COMPANY**

TO: Defendant AMCO Insurance Company, a Nationwide company, who may be served with this discovery request, together with process by service upon its Attorney for Service, Corporate Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff's First Set of Interrogatories to Defendant AMCO Insurance Company are hereby served on you in due time, manner and form. Said discovery is to be answered in accordance with the procedures and requirements set forth in the Texas Rules of Civil Procedure.

**INSTRUCTIONS**

1. The responding party's response to this request for discovery is due, in writing, within sixty (60) days after service hereof and should be delivered to the undersigned attorney, at 4205 Gateway Drive, Suite 100, Colleyville, Texas 76034, in an appropriate manner as provided for under the Texas Rules of Civil Procedure and within the time stated above.

2. Answer each request for production of documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number. Said documents should be produced at the offices of the undersigned attorney, at 4205 Gateway Drive, Suite 100, Colleyville, Texas 76034.

3. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

**DEFINITIONS**

For the purposes of responding to this discovery request, the following words and phrases shall have the following meanings, unless the context requires otherwise.

"Plaintiff" or "Eagle & Wheeler" refers to the party propounding this discovery, EAGLE & WHEELER, LLC.

"You," "your," "Defendant," "Carrier," or "AMCO" refers to the parties to whom this discovery request is propounded, AMCO INSURANCE COMPANY.

The "claim" refers to the claim for personal property repair/replacement which has been described in Plaintiff's latest petition herein on file.

The "Policy" means the insurance Policy Number ACP BPS 7225807197 which was issued by or on behalf of the Carrier which was in place and effect for Plaintiff on

the date of the Claim, and includes all declaration pages, information pages, renewals, addendums and any other amendatory or defining documents which have been made a party of and/or which otherwise complete said policy.

"Document" means all written, typed, or printed matters, and all magnetic, electronic, digital or other, recordings or documentation of any kind or description (including, without limitation: letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape records, computer printouts, and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and a" compilations of data from which information can be obtained, and any and all writing or records of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

"Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

"File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held

or stored in folders, notebooks, or other devices for separating or organizing documents.

"Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

"Relating to" and "relates to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

"Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

"Identify" or "describe," when referring to a document, means you must state the following:

a. The nature (e.g., letter, handwritten note) of the document.
b. The title or heading that appears on the document.
c. The date of the document and the date of each addendum, supplement, or other addition or change.
d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
e. The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

## INTERROGATORIES

1. Please state the full name, place of incorporation, location of your principle place of business, and the nature and duration of the business of Defendant AMCO.

ANSWER:

2. Please state when, how and from whom you first learned about the hail damage claim made by Plaintiff.

ANSWER:

3. Please identify (by actor, date, general description of steps or actions, taken, information learned or obtained and source of said information) all steps or actions taken by AMCO in conducting its investigation, if any, of Plaintiff's claim for hail damage from the time AMCO first became aware of the claim and continuing through the date of the filing of this lawsuit.

ANSWER:

4. Please identify every person interviewed as a part of the investigation, if any, of Plaintiff's claim for hail damage and include in your answer who conducted the interview, the date of the interview, whether the statement was recorded and/or reduced to writing, and a summary of the information supplied by said person (or in lieu of said summary, attach a copy of the written or recorded statement to your interrogatory answers).

ANSWER:

5. Please identify every document or report reviewed as part of AMCO's investigation of Plaintiff's claim for hail damage and include in your answer the date, source and author of said document; the date on which the document was first "received" by you, (and if different, the date on which it was first "reviewed" by you); whether a copy of the document was kept by you, and if so, state where the document is being kept and identity of the person who currently has custody, control or possession of same; and provide a brief summary of the information contained in the document (or in lieu of said summary, attach a copy of the document to your interrogatory answers).

ANSWER:

6. Please identify each person employed by AMCO (including agents, attorneys, or representatives), or individuals who were responsible for the decision to deny Plaintiff's claim for hail damage.

ANSWER:

7. Please identify each person employed by AMCO (including agents, attorneys or representatives), who participated in the investigation of the claims, defenses or issues involved in Plaintiff's claim for hail damage, including a brief description of the date involved and type of involvement of each person identified.

ANSWER:

8. What reason(s), if any, does AMCO have for refusing to pay Plaintiff's claim for hail damage.

ANSWER:

9. Please identify the substantially similar claims filed in the last five (5) years in the State of Texas in any court. "Substantially similar claims" means claims made that you violated the Insurance Code, DTPA, or acted in violation of your duty of "good faith and fair dealing" in your handling of a claim for workers' compensation benefits. You may provide a copy of the Original Petition or Complaint in lieu of further identification of the action.

ANSWER:

10. Please identify the person(s) employed by AMCO with the most knowledge of the number of hail damage claims presented to AMCO in the last five (5) years, the number of claims accepted without contest, the number of claims accepted after contest and the number of disputed claims paid after order of a court or regulatory agency.

ANSWER:

11. Identify any weather events, including date and time, that AMCO claims is the cause of the damage to Plaintiff's property.

ANSWER:

12. What is the practices and procedures that AMCO follows in evaluating a hail damage cause of this type.

ANSWER:

13. Were such practices and procedures followed in this case, and if not, why not?

ANSWER:

Respectfully submitted,

AYERS & AYERS

*By: /s/ Jonathan P. Ayers*

Jonathan P. Ayers
State Bar No. 01465900
jayers@ayersfirm.com
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
(817) 267-9009 – Phone
(817) 318-0663 – Facsimile

**COUNSEL FOR PLAINTIFF**